IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Earl Cole, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 8:05-1642-TLW-BHH |
| | ) |
| v. | ) **REPORT OF MAGISTRATE JUDGE** |
| | ) |
| Larry Powers, Director of Spartanburg County Detention Center; and Spartanburg County Detention Center, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment and the plaintiff's motions for discovery and to appoint counsel.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on June 15, 2005, seeking damages for alleged civil rights violations. On November 2, 2005, the defendants moved for summary judgment. By order filed November 3, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on November 23, 2005.

1

## **FACTS PRESENTED**

The plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC") currently housed at the Manning Correctional Institution ("MCI"). In his complaint, the plaintiff alleges that while he was previously housed as a pretrial detainee at the Spartanburg County Detention Center on March 31, 2005, he fell while exiting an elevator injuring his thumb. (Compl. at 3.) The plaintiff acknowledges that an officer helped him up and transported him to the medical department. (Compl. at 3.) He was sent to Spartanburg Regional Medical Center for x-rays which showed the plaintiff's thumb was broken. (*Id.*) The plaintiff also acknowledges he was sent to a specialist for treatment of his thumb. (Id.)

He alleges he requested x-rays of his back, but he was only given naprosyn for his back pain. (*Id.*) He alleges that when he was placed in the SCDC, his back was x-rayed and "they are treating me now [for my back pain], but they are charging me for it." (Compl. at 3.) He alleges the Spartanburg County Detention Center did not take him to a doctor's appointment on May 10th and he is experiencing more trouble with his thumb than when he first broke it. (*Id*. at 4.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is

2

deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### PRISON CONDITIONS

The plaintiff alleges personal injury and negligence claims against the defendants arising from his fall in the elevator. Construing these allegations as a prison conditions claim, the undersigned finds the plaintiff has failed to state a claim. To state a prima facie Eighth Amendment claim for conditions of confinement, a two prong test must be met: the plaintiff must be able to show that (1) there was a serious deprivation of a basic human need, and (2) that prison officials were deliberately indifferent to the prison conditions.

3

*Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir.1995).  Under the first prong, the plaintiff must establish that the prison condition was a "sufficiently serious" deprivation of a basic human need.  *Farmer v. Brennan*, 511 U.S. 825, 825 (1994) ( citing *Wilson*, 501 U.S. at 298).  The plaintiff must demonstrate that the risk from the prison conditions was so grave that it violated contemporary notions of decency and the prison condition resulted in serious or significant physical or emotional injury.  *Strickler*, 989 F.2d at 1379-81.  The second prong involves a subjective analysis requiring the plaintiff to establish that a defendant had a "sufficiently culpable" state of mind.  *Id*.  The Supreme Court has defined this state of mind requirement as meaning deliberate indifference. In essence, a defendant must know of facts from which an inference can be drawn that "a substantial risk of serious harm" is posed to an inmate's health or safety, must actually draw that inference, and then disregard the risk posed to the inmate.  *Farmer*, 511 U.S. at 837.

  Here, the plaintiff was injured when he fell while exiting an elevator at the jail.  The plaintiff acknowledges that an officer immediately helped him up and transported him to the medical department.  (Compl. at 3.)  He also acknowledges he immediately received medical care.  (*Id.*)  The plaintiff has failed to allege any facts which would support a claim of deliberate indifference to a substantial risk of serious harm.

  At best, the plaintiff has made a run-of-the-mill slip and fall negligence type claim.  However, it is well-settled that mere negligence does not state a viable Eighth Amendment claim.  *See Estelle*, 429 U.S. 97.  *See also Snyder v. Blankenship*, 473 F.Supp. 1208 (W.D. Va.1979) *aff'd*, 618 F.2d 104 (1980) (holding personal injury resulting from negligent failure to repair a leaking dishwasher did not violate the eighth amendment as a matter of law because slip and fall injury is not comparable to a "prison-related" injury).  Accordingly, the plaintiff has failed to state a viable § 1983 claim.

**MEDICAL INDIFFERENCE**

Additionally, to the extent that the plaintiffs' complaint could be construed as alleging a medical indifference claim, the plaintiff has failed to state a claim. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.[1] Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. "Deliberate indifference is a very high standard-in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, 429 U.S. 97; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988).

---

[1] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)(*citing Estelle*, 429 U.S. 97).

The plaintiff states that his thumb now hurts worse now than it did when he first injured it. However, notwithstanding any residual pain from his injury, the record shows the plaintiff has received medical treatment and does not support a medical indifference claim. Additionally, the plaintiff himself acknowledges that he received immediate medical treatment, was sent to a specialist, and has continued to receive medical treatment for his injury to his thumb.

The plaintiff also alleges he was not initially treated for a back injury. Although it is not clear how the plaintiff injured his back, the plaintiff acknowledges he is currently receiving treatment and he does not allege any delay in treatment caused him any further injury. "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11 th Cir. 1994) abrogated on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (U.S. 2002). Consequently, "delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay." *Id.* at 1189.

The plaintiff's back condition is currently being treated and the plaintiff has not alleged that any delay in treatment worsened his back condition. As a result, any delay in treatment in this case, at most, might constitute medical negligence, which is not cognizable in a § 1983 action. *See Estelle*, 429 U.S. 105-06. Accordingly, the plaintiff has failed to state a claim of medical indifference.

**RESPONDEAT SUPERIOR**

The plaintiff has not alleged any violative conduct by defendant Powers. To the extent that the plaintiff is alleging a claim based upon the doctrine of respondeat superior, the plaintiff has failed to state a claim. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but

6

upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.), cert. denied, 502 U.S. 828 (1991); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). Furthermore, a medical treatment claim is not appropriate against a supervisor absent an allegation that he was personally connected to te treatment received. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). Supervisory liability requires that supervisor failed to promptly provide an inmate with needed medical care, deliberately interfered with a prison physician's performance, tacitly authorized or were indifferent to a prison physician's constitutional violation. *Milter*, 896 F.2d 848. As the plaintiff has failed to allege any specific facts regarding defendant Powers, defendant Powers cannot be liable under the doctrine of respondeat superior for the acts of any subordinate employees. Thus, it is recommended that all claims against defendant Powers be dismissed.

**SPARTANBURG COUNTY DETENTION CENTER**

The undersigned notes that to state a claim under § 1983, the plaintiff must sufficiently allege that he was injured by a "person" acting under the color of state law. *See* 42 U.S.C. § 1983. Inanimate objects such as buildings, facilities, and grounds are not "persons" under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(holding California Adult Authority and San Quentin Prison are not "persons" subject to suit under § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)(holding the Piedmont Regional Jail is not a "person" and is not subject to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294 (E.D. N.C. 1989)(holding claims under § 1983 are directed at "persons" and a jail is not a person). The defendant Spartanburg County

7

Detention Center is a group of buildings, or a facility. Hence, the Spartanburg County Detention Center is not a person subject to suit under § 1983 and should be dismissed as a defendant.

#### EXHAUSTION

Even if the plaintiff's complaint could be said to assert a viable § 1983 claim, there is no evidence in this record that the plaintiff properly exhausted his administrative remedies relating to these claims. *See* 42 U.S.C. § 1997e(a). *See also Woodford v. Ngo*, 2006 WL 1698937 at * 7 (U.S. filed June 22, 2006) (holding that § 1997e(a) requires "proper exhaustion" of available administrative remedies). Accordingly, the plaintiff's claims should be dismissed for failure to exhaust his administrative remedies.

#### STATE LAW CLAIMS

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

### **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the plaintiff's claims be DISMISSED with prejudice. It is further RECOMMENDED, if the District Court adopts this report, that the plaintiff's pending motions for discovery and to appoint counsel be DENIED as moot.

IT IS SO RECOMMENDED.

S/Bruce H. Hendricks
United States Magistrate Judge

August 9, 2006
Greenville, South Carolina